UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GARY COOPER, )<br>)<br>    Plaintiff, )<br>)<br> vs. )<br>)<br>The CITY OF CHICAGO, Illinois, a )<br>municipal corporation, and Chicago Police )<br>Officers KATHLEEN A. CLYNE #9821, )<br>KEN A. JA #15115, KATHY L. SCHNEIDER )<br>#8053, VASILIOS H. PAPADOPOULOS )<br>#18997, RYAN N. WAGNER #9821, )<br>PATRICK J. CAIN #3620, STEVE LOSACCO )<br>#7194, STEVEN YEE #18689, and ROBERT )<br>SCHMIDT #897 )<br>    Defendants. ) | 16CV3519<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiff, GARY COOPER, by one of his attorneys, Torreya L. Hamilton of the HAMILTON LAW OFFICE, LLC, makes the following complaint against Defendants CITY OF CHICAGO (Defendant CITY) and Chicago Police Officers KATHLEEN A. CLYNE, KATHY L. SCHNEIDER, KEN A. JA, VASILIOS H. PAPADOPOULOS, RYAN N. WAGNER, PATRICK J. CAIN, STEVE E. LOSACCO, STEVEN S. YEE, and ROBERT E. SCHMIDT (Defendant OFFICERS):

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and for the violation of Illinois common law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

## PARTIES

4. Plaintiff GARY COOPER is a 31 year-old resident of Chicago, Illinois. Plaintiff currently resides on the south side of Chicago.

5. At all relevant times, Defendant OFFICERS were Chicago police officers employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case was the employer and principal of Defendant OFFICERS. Should Plaintiff prevail on her claims, Defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claim pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

## FACTS

7. In March of 2014, Plaintiff lived with his girlfriend in an apartment located at 1016 West Balmoral Avenue in Chicago, Illinois.

8. On March 22, 2014, around 12:30 p.m., Plaintiff and his former girlfriend were inside their third floor apartment.

9. Plaintiff had just gotten out of the shower and was getting dressed when he heard someone entering his apartment.

10. Defendant OFFICERS entered Plaintiff's apartment without a warrant.

11. Startled, Plaintiff came out of the bedroom only partially dressed, and saw three to four of Defendant OFFICERS and the building manager inside his apartment.

12. Plaintiff asked what they were doing there and one of Defendant OFFICERS told him they were conducting an "investigation."

13. Plaintiff questioned their right to be inside his apartment and what they were investigating.

14. Defendant OFFICERS approached Plaintiff and without warning, grabbed his arm, twisted it behind his back and put a handcuff on him.

15. One of the Defendant OFFICERS then used a Taser on Plaintiff.

16. Plaintiff slid to the floor against the wall.

17. Plaintiff was tased a second time, in his leg and arm.

18. Because they were shocking him, Plaintiff pulled the Taser prongs out of his body, but remained sitting on the floor.

19. One of Defendant OFFICERS then pepper sprayed Plaintiff in the face, causing severe burning to his eyes, nose and throat.

20. One or more of Defendant OFFICERS was also affected by the pepper spray and moved toward the windows to open them and get some air.

21. Plaintiff then crawled on his hands and knees to the nearby bathroom, leaned over the side of the tub and began to rinse his face and eyes with water.

22. As Plaintiff was leaning over the tub, several of Defendant OFFICERS entered the bathroom and placed their knees or other parts of their body on Plaintiff, cutting off Plaintiff's ability to breathe.

23. One of Defendant OFFICERS again deployed a Taser, this time into Plaintiff's back and head.

24. Defendant OFFICERS then picked Plaintiff up and began to walk him out of the bathroom.

25. Plaintiff was having difficulty walking and breathing after being tased and pepper sprayed.

26. Defendant OFFICERS taunted Plaintiff stating "why don't you walk, stop trying to act like you're hurt" or words to that effect.

27. Plaintiff was transported to the police station.

28. At the police station, Defendant OFFICERS charged Plaintiff with resisting arrest and two counts of criminal damage to property.

29. The criminal damage to property charges alleged that Plaintiff had caused damage to the ceiling in his apartment and to the drywall behind a door from the doorknob hitting the wall in another apartment in the building.

30. Defendant OFFICERS drafted or reviewed and approved police reports about the circumstances and reason for Plaintiff's arrest, their use of force upon him, and their justification for pursuing criminal charges against him.

31. The police reports created or approved by Defendant OFFICERS contained false and/or misleading information about the circumstances of Plaintiff's arrest as well as the justification for their use of force.

32. When Plaintiff was processed into the police lock up, the lock up officer noted that Plaintiff was not under the influence of either drugs or alcohol, but that he was in obvious pain or was injured.

33. Plaintiff was then taken by police officers to Swedish Covenant Hospital for treatment.

34. Plaintiff remained in jail for a nearly a week until his family was able to bond him out.

35. Plaintiff had to hire a criminal defense attorney to represent him on the criminal charges Defendant OFFICERS initiated against him.

36. During the criminal case, a Cook County judge ruled that the Defendant OFFICERS entry into Plaintiff's home was unconstitutional.

37. Prosecutors dismissed the criminal damage to property charges.

38. On June 2 and July 10, 2015, Plaintiff stood trial on the resisting charges that Defendant OFFICERS had initiated against him.

39. Defendant OFFICERS CLYNE, PAPADOPOULOS, SCHMIDT and JA, the building manager for 1016 West Balmoral, and Plaintiff all testified at the criminal trial.

40. Defendant OFFICERS provided false testimony at the criminal trial.

41. Plaintiff was acquitted on the resisting charges.

## COUNT I
(42 U.S.C. §1983, Unlawful Search)

42. Plaintiff re-alleges each of the preceding paragraphs as if fully restated here.

43. As more fully described above, Defendant OFFICERS entered and searched Plaintiff's home without a warrant or any other legal justification to do so, in violation of the Fourth Amendment to the United State's Constitution.

44. The Fourth Amendment generally requires a warrant for police to enter and search a home, and searches without warrants are presumptively unlawful.

45. None of the recognized exceptions to the Fourth Amendment's warrant requirement apply to the search of Plaintiff's home by Defendant OFFICERS.

46. As a direct and proximate result of the illegal search of Plaintiff's home, Plaintiff has suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. §1983, Excessive Force)

47. Plaintiff re-alleges each of the preceding paragraphs as if fully restated here.

48. As described above, the conduct of Defendant OFFICERS was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

49. One or more of Defendant OFFICERS were aware of the misconduct of their fellow police officers, had a reasonable opportunity to intervene to prevent harm to Plaintiff, but failed to do so.

50. As a direct and proximate result of the Defendant OFFICERS' excessive use of force and/or their failure to intervene, Plaintiff suffered damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### COUNT III
(42 U.S.C §1983, False Arrest)

51. Each of the preceding paragraphs is incorporated as if fully restated here.

52. As described above, Defendant OFFICERS arrested Plaintiff without probable cause or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

53. As a direct and proximate result of the circumstances of this illegal seizure, Plaintiff has suffered damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

### COUNT IV
(Illinois Malicious Prosecution Claim)

54. Plaintiff re-alleges each of the preceding paragraphs as if fully restated here.

55. As described above, Defendant OFFICERS willfully, intentionally and recklessly initiated criminal proceedings against Plaintiff, and/or caused those proceedings to continue, without probable cause to believe Plaintiff had committed the crimes of resisting arrest and criminal damage to property.

56. Defendant OFFICERS created false and inaccurate police reports and other documents pertaining to the circumstances of Plaintiff's arrest, and provided false information to

6

prosecutors handling Plaintiff's criminal case. This was done with malice and/or reckless indifference to Plaintiff's rights.

57. The criminal case against Plaintiff was terminated in Plaintiff's favor, in a manner indicative of his innocence.

58. As a direct and proximate cause of Defendant OFFICERS' malicious prosecution, Plaintiff suffered damages, which will be proven at trial.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate him for his damages, as well as such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

GARY COOPER, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397