# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GARY COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 16 CV 3519 |
| | ) | |
| The CITY OF CHICAGO, et al., | ) | Judge KENNELLY |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER
## OF LAW ON HIS UNLAWFUL ENTRY CLAIM

Plaintiff Gary Cooper respectfully requests that this Court enter a judgment as a matter of law on his Fourth Amendment unlawful entry claim because Defendant Officers did not have a warrant, exigent circumstances, or consent to enter his apartment on March 22, 2014.

## ARGUMENT

There is no dispute that Defendant Officers made a warrantless entry into Cooper's home on March 22, 2014 and that neither Cooper nor his girlfriend D'Andrea Crossley consented to that warrantless entry. Defendant Officers have been fully heard with respect to their reasons for entering Cooper's apartment without a warrant, and none of those reasons amount to a reasonable belief that someone inside the apartment was in need of immediate emergency aid. Plaintiff is entitled to a judgment at a matter of law that Defendant Officers' warrantless entry of his apartment on March 22, 2014 was unlawful.

Federal Rule of Civil Procedure 50(a) provides as follows:

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a…defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to judgment. Fed. R. Civ. P. 50(a).

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. "[P]hysical entry of the home is the chief evil" that the Fourth Amendment targets, *United States v. United States District Court for the E. Dist. of Mich., S. Div.*, 407 U.S. 297, 313 (1972), and it is "a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 477 (1971)). The Fourth Amendment "prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine…arrest, even for a felony, and even with probable cause." *Hawkins v. Mitchell*, 756 F.3d 983, 992 (7th Cir. 2014) (citing *Payton*, 445 U.S. at 576)).

That said, the Fourth Amendment does allow police officers to enter a home without a warrant or consent when (1) probable cause supports the entry *and* (2) exigent circumstances exist. *United States v. Andrews*, 442 F.3d 996, 1000 (7th Cir. 2006). Exigent circumstances "exist when there is a compelling need for official action and no time to secure a warrant, such as when an officer must enter premises to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *United States v. Venters*, 539 F.3d 801, 807 (7th Cir. 2008) (quotation marks and citations omitted). However, the Seventh Circuit has explained that "exigent circumstances do not exist when the underlying offense is minor, typically a misdemeanor." *Hawkins*, 756 F.3d at 992. It should be noted that characterizing a warrantless entry of a home as a "well-being check" or a "premises check" does not change the Fourth Amendment analysis. *See Sutterfield v. City of Milwaukee*, 751 F.3d 542, 553-54 (7th Cir. 2014) (the "community caretaking

function" exception to the warrant requirement only applies to searches of automobiles, not searches of homes); *Fitzgerald v. Santoro*, 842 F. Supp. 2d 1064 (N.D. Ill. 2014) (applying the Fourth Amendment exigent circumstances test to a warrantless search of a home that the police characterized as a "well-being check.").

Defendant Officers admit that they did not have a warrant to search Cooper's apartment. Thus, their entry into Cooper's home was presumptively unreasonable as a matter of law, and they must show that either (1) they had consent of a resident of the apartment to enter or (2) that probable cause and exigent circumstances justified their warrantless entry and search. A landlord cannot consent to a search of his tenant's leasehold. *U.S. v. Chaidez*, 919 F.2d 1193, 1201 (7th Cir. 1990) (citing *Chapman v. United States*, 365 U.S. 610 (1961)). Furthermore, exigent circumstances did not justify Defendant Officers' warrantless entry because they were, at most, investigating a property damage and noise complaint. Nothing in the record suggests that Defendant Officers thought anyone inside the apartment was injured or that evidence of a serious crime was being destroyed. Thus, this Court should grant judgment as a matter of law in Cooper's favor on his unlawful entry claim.

**I. Cooper did not consent to Defendant Officers' entry, and as a matter of law, Cooper's landlord could not provide consent.**

It is undisputed that neither Cooper nor his girlfriend consented to Defendant Officers' search of their apartment. Thus, the only source of "consent" that Defendant Officers can point to is Cubic, who opened the door to Cooper's apartment for them. However, a landlord does not have authority to permit a search of his tenant's leasehold. *Chaidez*, 919 F.2d at 1201. The Supreme Court has explained that this rule exists because a "tenant in the ordinary course does not take premises subject to any formal or informal agreement that the landlord may let visitors into the dwelling…neither state-law property rights, nor common contractual arrangements, nor any other source points to a common understanding of authority to admit third parties generally without the

3

consent of a person occupying the premises." *Georgia v. Randolph*, 547 U.S. 103, 112 (2006). Thus, a person on the scene who identifies himself as a landlord calls up no authority to admit police without the consent of the current occupant. *Id.*

Cubic's status as Cooper's landlord does not mean that Defendant Officers had "consent" to enter Cooper's apartment. The evidence establishes that Defendant Officers knew that Apartment 310 West was leased and occupied by tenants who had not consented to their entry or search. Rather, only the landlord requested and purported to authorize the search. As a matter of law, there was no reason for Defendant Officers to think that Cubic had authority, or even apparent authority, to consent to the search because they knew that he was just the landlord. *See Randolph*, 547 U.S. at 112. While it is possible that certain unusual tenancy agreements could provide a landlord with such authority, Defendants have not established and cannot establish that Cooper and Crossley's lease allowed Cubic "an unfettered right to allow third parties to access [Cooper's] property without his consent." *Montgomery v. Village of Posen*, No. 14 C 3846, 2015 WL 6445456, at *3 (N.D. Ill. Oct. 23, 2015) (Valdez, J.). Nobody with authority to consent to Defendant Officers' search did so, and Defendants cannot rely upon consent to justify their warrantless entry into Cooper's apartment.

## II. No exigent circumstances justified Defendant Officers' warrantless entry of Cooper's apartment.

Defendant Officers did not have a warrant or consent to enter Cooper's apartment, so the only remaining way for them to justify their entry is to demonstrate that they had both probable cause and exigent circumstances to enter the apartment. During this trial the only "exigencies" Defendant Officers offered to try and justify their warrantless entry were: (1) The possibility that someone in Cooper's apartment was being hurt and (2) the possibility that Cooper was causing property damage in his apartment. Nothing in the record supports the first justification, and the second is invalid as a matter of law.

The Supreme Court has outlined several exigencies that may justify a warrantless entry of a home. *King*, 563 U.S. at 460. Under the "emergency aid" exception, "officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Stuart*, 547 U.S. at 403. This exigency does not apply in this case.

**A. Defendant Officers did not have exigent circumstances under the "emergency aid" exception.**

The Supreme Court has explained that the "emergency aid exception" requires "an objectively reasonable basis for believing that a person within [the house] is in need of immediate aid." *Michigan v. Fisher*, 588 U.S. 45, 47 (2009) (internal quotations and citations omitted). Defendant Clyne testified that she, Papadopoulos, and Schneider entered Cooper's apartment because she wanted to make sure that Gary Cooper was okay. However, Clyne also admitted the following:

- She did not hear anything other than a banging sound.

- She did not hear any screams for help or anybody saying, "Stop!"

- There was no indication that a crime was being committed in the third floor apartment.

- She did not have any information that Cooper had ever committed an act of violence in the apartment.

In addition, Defendants Papadopoulos and Schneider testified that they did not hear anything *at all* emanating from the apartment prior to entering. The police report that Defendant Schneider authored says nothing about any suspicions that someone was being harmed in Cooper's apartment. Rather, it says only that Defendant Officers heard a pounding noise and believed that damage was being done "to the apartment" – not to a person.

The evidence does not support the "emergency aid exception" to the warrant requirement, and this Court should not allow Defendant Officers to transform an alleged pounding noise into an emergency. The record is devoid of any evidence that anyone inside Cooper's apartment was hurt or

5

otherwise in need of police assistance at the time Defendant Officers entered the apartment. Thus, the "emergency aid exception" does not apply, and Cooper is entitled to judgment as a matter of law on his unlawful entry claim.

**B. The possibility of minor property damage does not constitute exigent circumstances.**

This Court should reject any argument that Defendant Officers' fear of property damage in Cooper's apartment constituted exigent circumstances because the authority on that issue does not support such a conclusion. The Supreme Court has explained that "application of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense…has been committed." *Welsh v. Wisconsin*, 466 U.S. 740, 753 (1984) (noting that "of those courts addressing the issue, most have refused to permit warrantless home arrests for nonfelonious crimes."). "When the government's interest is only to arrest for a minor offense, th[e] presumption of unreasonableness is difficult to rebut." *Id.* at 751. Criminal damage to property is a misdemeanor offense in Illinois, *see* 750 ILCS 5/21-1, so even if Defendant Officers had probable cause to think that crime was being committed in Apartment 310 West or had been committed in the apartment above some days before, they still did not have exigent circumstances to enter the apartment without a warrant.

Indeed, the possibility of property damage does not give rise to exigent circumstances. *See, e.g., U.S. v. Williams*, 354 F.3d 497, 505 (2003) ("[T]he potential danger was merely the risk of damage to property and such risk was, at best, speculative. Danger of water damage to a carpet is certainly not urgent within the meaning of the "risk of danger" exigency."); *see also McDowell v. Jefferson County*, No. 15 CV 507, 2017 WL 241319, at *5 (D. Idaho Jan. 18, 2017) ("The defendants cite to no case holding that serious damage to property, without more, would constitute exigent circumstances, and

the Court can find none.").[1] Here, Defendant Clyne testified that she saw two holes in the drywall where the doorknob apparently hit the wall in the apartment above Cooper's before deciding to enter his apartment. The upstairs apartment was under construction at the time. The damage to the wall was behind the door where the doorknob would strike the wall if a door was opened too quickly and the door did not have a doorstop installed yet, and Clyne admitted that she does not know whether a doorstop had been installed. It is precisely for situations such as was presented here, that the warrant requirement exists. The police stepped into a landlord tenant dispute on the side of the landlord without knowing all the facts or understanding the situation. Even if the property damage allegations were true, minor damage to one apartment does not justify a warrantless entry into a different apartment.

Furthermore, the only indication of possible property damage in Cooper's apartment was a pounding sound that Defendants Clyne claims she heard, but that Papadopoulos and Schneider did not hear. Any number of completely legal activities could produce a loud pounding noise. Nothing about what Defendant Officers supposedly heard suggested that Cooper was causing serious property damage to Apartment 310 West. Thus, even if the possibility of serious property damage could justify a warrantless entry of a home, the evidence at trial shows that Defendant Officers had no reason to think that serious property damage was occurring in Cooper's apartment. Thus, this Court should grant judgment as a matter of law in Cooper's favor on his unlawful entry claim.

### III. Defendant Officers' subjective beliefs are irrelevant to this motion for judgment as a matter of law.

During her testimony, Clyne suggested that the banging noises coming from Apartment 310 and the minor property damage in Apartment 410 caused her to believe that Cooper was physically

---

[1] Plaintiff's counsel has found only one case in this Circuit – an unpublished district court opinion from 1987 – that suggests that *serious* damage to property can give rise to exigent circumstances. *Bradshaw v. Zebella*, No. 85 C 6151, 1987 WL 19545, at *5 (N.D. Ill. Oct. 30, 1987) (Alesia, J.). However, that case involved a search of a hotel for a suspect who had stabbed a woman in downtown Chicago just two hours earlier, so its reasoning is inapplicable here.

7

harming someone inside his apartment. Cooper submits that Defendants' subjective beliefs are irrelevant to his Fourth Amendment claim, and Clyne never actually held those beliefs anyway.

A police officer's subjective belief that exigent circumstances exist is insufficient to justify a warrantless search. *Richardson*, 208 F.3d at 629. "Whether the exigent circumstances exception justifies warrantless action is judged by an objective standard: we ask whether it was reasonable for the police officers on the scene to believe, in light of the circumstances they faced, that there was a compelling need to act and no time to obtain a warrant." *Sutterfield v. City of Milwaukee*, 751 F.3d 542, 557 (7th Cir. 2014); *see also Hawkins v. Mitchell*, 756 F.3d 983, 992 (7th Cir. 2014) ("Analysis of the reasonableness of the police officers' exigency determination is entirely objective; it considers only what they reasonably should have known at the time of their warrantless home entry."); *Siliven v. Indiana Dept. of Child Services*, 635 F.3d 921, 929 (7th Cir. 2011) (same).

Clyne claims that she found the unexplained loud banging and pounding from Plaintiff's apartment to be worrying. But these "facts" are merely Clyne's speculations and (alleged) subjective beliefs and they do not establish exigent circumstances. *See, e.g., Goldberg v. Junion*, 2016 WL 5341248, at *8 (S.D. Ind. Sept. 23, 2016) (explaining that police officers' speculation that the plaintiff might have a gun did not create exigent circumstances, especially when they "present[ed] no evidence that Plaintiff was violent or threatening during this encounter."). The evidence at trial in this case establishes that Defendants entered and remained in Cooper's apartment illegally, and their subjective beliefs cannot prevent judgment as a matter of law. Cooper's motion for judgment as a matter of law on his unlawful entry claim should be granted.

## CONCLUSION

Defendant Officers had no legal justification to enter Plaintiff's apartment, and they knew it. They made a warrantless entry based on, at most, some pounding noises. The case law is clear: Defendant Officers' warrantless search of Cooper's apartment was unreasonable and illegal. No

8

reasonable jury could conclude otherwise. Thus, the Court should grant judgment as a matter of law in Cooper's favor on his unlawful entry claim.

                                              Respectfully Submitted,

                                              /s Kevin T. Turkcan
                                              One of Plaintiff's Attorneys

Kevin T. Turkcan
HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.726.3173