**IN THE UNITED STATESDISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GARY COOPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **16 CV 3519** |
| | ) | |
| **The CITY OF CHICAGO, et. al** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S BILL OF COSTS**

NOW COME Defendants, CITY OF CHICAGO, KATHLEEN A. CLYNE, KEN A. JA, KATHY L SCHNEIDER, VASILIOS H. PAPADOPOULOS, and ROBERT SCHMIDT, by and through their attorneys, Steven B. Borkan, Timothy P. Scahill, Graham P. Miller and Whitney N. Hutchinson of BORKAN & SCAHILL, LTD. and for their objections to Plaintiff's Bill of Costs, state as follows:

**ARGUMENT**

Federal Rule of Civil Procedure 54(d) states that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Under 28 U.S.C. § 1920 expenses in six categories are available, five of which are at issue here: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses;(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and (5) Docket fees under section 1923 of this title. 28 U.S.C. § 1920. The Supreme Court has

emphasized that the scope of taxable costs under § 1920 is narrow and "limited to relatively minor, incidental expenses." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

For a cost to be awarded, it "must both be reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am., Inc*, 514 F.3d 699, 702 (7th Cir. 2008). "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). Where the prevailing party has not met its burden of showing that the requested costs were necessarily incurred and reasonable (and not merely for the convenience of the attorneys), courts in this district have either reduced the requested costs by a substantial percentage or denied the costs entirely. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 979 (N.D. Ill. 2010) (collecting cases denying costs entirely or imposing a 25 to 50 percent reduction in costs).

In this case, Plaintiff has submitted a bill of costs in the amount of $9,048.65. Dkt. 146. For the reasons set forth below, this amount should be reduced to **6,186.00**, as $2,862.65 of the costs cited by Plaintiff are not recoverable. *See* Exhibit 1, Defendants' Proposed Bill of Costs.

## I.    This Court Should Award Only $56.80 For Costs Related to Copying.

Plaintiff is requesting $1,326.85 for copying costs without the necessary justification or explanation to support the reasonableness or necessity of this cost. Dkt. 146. Indeed, the majority of this is the "copying costs" for 8,467 pages at $.15 per page without any further substantiation. *See* Dkt. 146 at pp. 4, 29. Thus, Plaintiff has failed to meet his burden in establishing that these costs are recoverable. In light of this failure, Defendants propose that the recoverable costs for all copying in this case be reduced to **56.80**. *See* Ex. 1.

2

With respect to recoverable costs for copying under section 1920(4), the phrase "for use in the case" refers to "materials actually prepared for use in presenting evidence to the court." *Smith v. Chic. Transit Auth.*, No. 12 C 8716, 2015 WL 2149552, at *6 (N.D. Ill. May 6, 2015) (internal citations and quotations omitted). "These materials include copies attributable to discovery and copies of pleadings, motions, and memoranda submitted not the court, not copies made solely for the convenience of counsel." *Perry v. City of Chic.*, No. 08-4730, 2011 WL 612342, at *2; *Merix Pharm. Corp. v. Clinical Supplies Management, Inc.*, 106 F. Supp. 3d 927, 944 (N.D. Ill. 2015). While a party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it must still provide information such that the court is confident that "the costs are, in fact, recoverable, reasonable, and not incurred merely for the convenience of counsel." *Springer v. Ethicon, Inc.*, 2018 WL 1453553, *17 (N.D. Ill. March, 23, 2018) (citing *Chicago Board Options Exchange, Inc. v. International Securities Exchange, LLC*, No. 07 CV 623, 2014 WL 125937, at *1, 8 (N.D. Ill. Jan. 14, 2014)). "Where a party fails to substantiate all of the costs it claims were necessary and reasonable, the Court will reduce the costs to the level supported by [the party's] proof – even if that is zero." *Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, 873 F. Supp. 2d at 947 (internal quotation marks and citation omitted). "Courts in this district have denied costs for copies where the party requesting costs has not attempted to 'match the dates of the copying, printing, and binding to when documents were filed to explain the necessity of the charges.'" *Springer*, 2018 WL 1452552 at *17 (quoting *Chicago Board*, 2014 WL 125937, at *8); *see also Fait v. Hummel*, No. 01 C 2271, 2002 WL 31433424, at *5 (N.D. Ill. Oct. 30, 2002) (denying copying costs where invoices describe per-page rate and price, but failed to provide "a more detailed affidavit or some other reliable verification that the copied documents were

3

necessary to presenting evidence to the court."); *Allen v. City of Chic.*, No. 10 C 3183, 2016 WL 1070828, at *9-11 (N.D. Ill. March 16, 2016) (substantially reducing costs associated with copying where the prevailing party failed to provide any description related to the copies, depriving the court the ability to determine whether the copies made were necessary and recoverable, but even if they were, the court cannot determine whether a reasonable number of copies were made); *eSpeed, Inc.*, 750 F. Supp. 2d at 979 (collecting cases).

Here, Plaintiff's documentation in support of his copying costs are at Dkt. 146 at pp. 27-29. Page 29 represents that 8,174 pages were printed and 293 pages were copied. There is no information related to: what these pages are; why they were necessary; how many copies were made of each document; or when they were printed. Plaintiff has only provided the number of pages and the services provided. Dkt. 146 at p. 29. This is insufficient. *See Chicago Board*, 2014 WL 125937, at *8 ("Merely listing the per-page rate and total cost [. . .] does not suffice."); *Telular Corp. v. Mentor Graphics Corp.,* No. 01 C 431, 2006 WL 1722375, at *5 (N.D. Ill. June 16, 2006) (denying photocopying costs because the party did not bother to calculate copies related to court filings from copies for the convenience of the attorneys so as to permit the court to determine recoverable from unrecoverable copying costs); *First City Secs., Inc. v. Shaltiel,* No. 92 C 2620, 1993 WL 408370, at *2 (N.D. Ill. Oct. 8, 1993) (denying recovery of in-house copying costs where prevailing party did not provide breakdown of copying costs, leaving the court "[w]ithout any reasonable means of ascertaining what in-house copying was necessary to the litigation and what was for the convenience of the attorneys"). With only that information, it is impossible to determine how much of the claimed copying costs were reasonably necessary for litigation. Consequently, this Court should deny the $1,270.05 requested by Plaintiff attributable to those copies, and award only **_$56.80_** for copying costs.

## II.       Plaintiff's Docket Fees Should Be Denied As Not Reasonably Necessary.

Plaintiff is asserting that he is entitled to $76.30 in various electronic docket fees under 28 U.S.C. 1923 without any support or explanation for why those fees were reasonably necessary or appropriate. *See* Dkt. 146 at pp. 1, 31-38. While these expenses are relatively minor, many of them are highly unreasonable, rendering Plaintiff's remaining requests suspect. As such, these charges should be denied, and a discerning eye should be turned toward Plaintiff's remaining costs to ensure that they are appropriate.

Of the 763 charges for which Plaintiff has provided documentation, it appears only 234 pertain to this case, the rest being searches on unrelated dockets. *See id.* at pp. 31-38. However, even for the searches related to this case number, there is nothing to support that these charges were either reasonable or necessarily incurred. For instance, 104 of the charges Plaintiff incurred by downloading copies of documents he himself filed in this case. *See id.* at p. 17 (Plaintiff incurred charges related to downloading Dkt. 59 – Plaintiff's Rule 56.1 Statement of Uncontested Facts – and its exhibits); *id.* at p. 32 (Plaintiff incurred charges related to downloading Dkt. 118 – Proposed Agreed Evidentiary Order – which Plaintiff filed). Plaintiff also incurred costs to download Dkt. 45, Defendant's Motion to Compel Plaintiff's Social Security Number – when this document would have been available to everyone on the service list for free upon the first review. *Id.* at p. 36. As these records were available to Plaintiff without incurring costs, Plaintiff's subsequent download of these records are not reasonable expenses. This was clearly out of counsel's convenience and is therefore not be recoverable.

Also of note, Plaintiff incurred $14.80 in costs related to reviewing the docket report in this case, sometimes multiple times within a short time period. *See id.*at pp. 31-38. In fact, in one instance Plaintiff downloaded the same 17 page docket report twice within one hour. *See id.* at p.

31. Then, in addition to unnecessarily downloading the docket numerous times, Plaintiff also incurred additional charges by searching for the docket by his name rather than by the docket number itself. *See id.* at pp. 31, 38. As a result, the $14.80 in costs associated with these charges were not reasonable or necessary and as such should be denied.

Finally, of the other 502 charges Plaintiff is seeking to recover, these appear to be searches pertaining to dockets in other matters without any explanation or justification for why those searches or documents are reasonable and necessary in this case. *See id.* at pp. 31-38. Moreover, of those 502 charges, 25 charges are duplicates and thus were clearly not necessary. *See id.* at pp. 33 and 34 (specifically, the 50 charges incurred on September 29, 2017, are the same 25 charges entered two separate times). Therefore, the Court must assess what, if anything, should be awarded to Plaintiff as reasonable and necessary in this litigation. Like with the copies, as Plaintiff's exhibits lack any description of the purpose for which any of these records were downloaded or explanation for why they were necessary in this case, this Court should deny these costs in total. *See Allen*, 2016 WL 1070828, at *9-11; *eSpeed, Inc.*, 750 F. Supp. 2d at 979; Dkt. 146 at p. 4.

### III. Depositions Transcript Costs Should Be Reduced To $2,837.75.

The costs cited by Plaintiff related to court reporters and deposition transcripts should be reduced. First, certain expenses were not reasonable and necessary in this case. Second, certain expenses exceed the Northern District Court's general order regarding appropriate fees. Accordingly, as outlined below, the costs related to court reporters and deposition transcripts and/or videos, should be reduced to **$2,837.75.**

While fees for deposition transcripts and video "necessarily obtained for use in the case" may be recoverable, the district court has discretion to determine which copies were necessary.

*Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir. 2014). Where the prevailing party fails to show that under the circumstances the costs are reasonable and necessary, the cost should be denied. Additionally, where the costs exceed the rate set by the U.S. Courts and the Local Rule, the Court may reduce the cost in line with those rates. *See* L.R. 54.1; U.S. Courts, Federal Court Reporting Program, http://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited April 9, 2018).

Of the ten depositions for which Plaintiff is requesting costs, Plaintiff selected the court reporter for seven: Maderak part I and part II; Losacco; Wagner; Yee; Cain, and Post. For each of those depositions, the court reporter he selected exceeded the rates established by the Judicial Conference with regards to appearance and per page transcription costs for copies of transcripts. *See* L.R. 54.1; U.S. Courts, Federal Court Reporting Program, http://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited April 9, 2018) (Ordinary transcription rate for a copy is $.90/page; appearance fee "shall not exceed $110 for one half day (4 hours or less)."); Dkt. 146 at pp. 14-16. For instance, the reporter charged $125.00 as an appearance fee for the depositions of Losacco, Wagner, Yee, Cain, Post, and Maderak part I, and $187.50 for Maderak part II. *See* Dkt. 148 at pp. 14-16. None of these depositions exceeded four hours. *See id.* As such, if this Court is going to award the attendance fees, which is not mandatory, such costs should be reduced from $937.50 to **$770.00**, in accordance with the maximum appearance fee allowed under the local rules. L.R. 54.1.

With regards to the transcription of certain depositions, the transcript costs associated with Maderak parts I and II, and Post should be reduced as the rate charged for a copy of these transcripts exceeded the amount proscribed by local rules. *See* U.S. Courts, Federal Court Reporting Program, http://www.uscourts.gov/services-forms/federal-court-reporting-

program#rates (last visited April 9, 2018); Dkt. 146 at pp. 20-21. Plaintiff's selected court reporter charged $2.45 per page for copies of these transcripts. Dkt. 146 at pp. 20-21. That rate should be reduced to $.90 per page. Thus, the recoverable amount for these three transcripts would be reduced from $588.00 to **$232.30**.

With regards to the transcription of copies of Losacco, Wagner, Yee, and Cain's depositions, this Court should deny those costs. While Defendants do not challenge that the completion of these depositions was appropriate in January 2017, ordering copies of the transcripts in September was not reasonable or necessary. *See Srail v. Vill. of Lisle, Ill.*, 2008 WL 5272459, at * 3 (N.D. Ill. Dec. 15, 2008) (The reasonableness of the costs of transcription is assessed at the time of transcript was ordered). Shortly after completing these four depositions, Plaintiff agreed that based on their testimony, he would voluntarily dismiss these individuals as parties. Shortly thereafter he filed a motion to that effect. *See* Dkt. 61. Plaintiff did not need the transcripts to reach that conclusion, as he did not order the transcripts until September 14, 2017, six months after these individuals had been dismissed as parties from the case. *See* Dkt. 146 at p. 4. These individuals were not called as witnesses at trial. Thus, the $796.25 for transcription costs should be denied as it was not reasonable and necessary.[1]

Further, Defendants challenge the necessity of certain costs associated with the depositions of Plaintiff, Crossley and Kmiecik. Specifically, Plaintiff incurred $60.20 in costs related to exhibits for each of these depositions which was not reasonable or necessary as copies of each exhibit were provided by Defense counsel at the time of the deposition and were produced through discovery as well. Dkt. 146 at pp. 17-19. Therefore, while costs associated

---

[1] Alternatively, if this Court grants transcription costs related to the copies of these four transcripts, that cost should be reduced to $.90 per page rather than $2.45 per page charged by Plaintiff's selected court reporter. *See* U.S. Courts, Federal Court Reporting Program, http://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited April 9, 2018); Dkt. 146 at p. 20. This would reduce the recoverable amount from $607.60 to **$223.20**.

with depositions may be taxable, these cost should be denied here as the Seventh Circuit has denied deposition exhibit costs where the requesting party "was already in possession of the deposition exhibits – [counsel] provided extra copies of the exhibits to [the requesting party] at the time of the deposition and produced the same exhibits during discovery." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998). The same is true of the $20.00 expense for the condensed copy of Crossley's deposition and the $50.00 shipping and handling to have Plaintiff and Crossley's transcripts delivered. *See Bellamy v. City of Chicago*, No. 15 C 02678, 2017 WL 3675729 at *18 (N.D. Ill. Aug. 25, 2017 (declining to allow recovery of costs "where there is no apparent special justification for having the transcript delivered"); *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*¸ No. 13 C 312, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016) ("Although the Seventh Circuit has held that a district court <u>may</u> award deposition shipping costs as 'incidentals' in the court's discretion, . . . costs associated with delivery, shipping, or handing are typically non-recoverable ordinary business expenses.") (emphasis added). Those expenses were merely for counsel's convenience and should be denied.

Finally, it was not reasonable or necessary for Plaintiff to incur the expense on February 1, 2018 of $255.00 for the video of his own deposition. As there was no doubt that Plaintiff would be present to testify at his own trial, there was no need for Plaintiff to incur the cost to obtain a copy of this video. This was a cost merely for convenience of counsel and should be denied.

Accordingly, Defendants ask this Court to reduce Plaintiff's requested deposition and transcription costs of $4,353.75 and award costs as follows: appearance fees reduced from $937.50 to $770.00; reduce the transcription costs for the copies of Post and Maderak parts I and II to $232. 30; deny recovery of the costs associated with transcription of Losacco, Wagner, Yee,

and Cain's depositions as not reasonable and necessary; deny the $20.00 for condensing Crossley's transcript as not reasonable and necessary; deny the shipping and handling to have Plaintiff and Crossley's transcripts delivered as not reasonable and necessary; deny the $60.20 costs associated with exhibits for Crossley, Plaintiff and Kmiecik's depositions as not reasonable and necessary; and deny recovery of the costs for a copy of the video of Plaintiff's deposition as not reasonable and necessary. *See* Dkt. 146 at pp. 3-4. Thus, the recoverable costs related to these items should be reduced to **2,837.75**.

### IV. Plaintiff's Other Costs Should Be Reduced To $1,749.30.

This Court should reduce the "Other Costs" requested by Plaintiff to **$1,749.30**. This reduction is appropriate as it addresses three items that are not taxable. First, Plaintiff has provided no justification or explanation for why the January 18, 2017 hearing transcript was necessary cost. Thus, while court transcription costs may be taxable, if not reasonably necessary, they should be denied. Second, obtaining the clerk's eviction file after the close of discovery was not reasonable or necessary for this litigation and should be denied. And finally, there is no basis for counsel's parking costs for Dr. Kmiecik's deposition to be included. These three items total: $57.10 bringing the total recoverable costs for the other items to **$1,749.30**.

### CONCLUSION

WHEREFORE, Defendants request that this Court reduce Plaintiff's Bill of Costs by $2,862.65, as outlined in Defendants' Exhibit 1, and award only $6,186.00, and for any other relief the Court deems proper.

BORKAN & SCAHILL, LTD.  
Two First National Plaza  
20 South Clark Street, Suite 1700  
Chicago, Illinois 60603

Respectfully Submitted,

By:     /s/ Whitney N. Hutchinson